# EXHIBIT A

Supplemental Memorandum in Support of Plaintiff's
Motion for an Award of Attorneys' Fees and Costs

*Citizens for Ethics and Responsibility in Washington v. Dep't of Justice*,
Civ. No. 11-0374 (CRC)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>U.S. DEPARTMENT OF JUSTICE,  )<br>)<br>Defendant.  )<br>_____ ) | Civ. No. 12-1491 (JDB) |

## DECLARATION OF DAVID K. COLAPINTO

David K. Colapinto hereby deposes and states:

1. I am a member in good standing of the bar of the District of Columbia, and a member of the bar of the following state and federal courts: Supreme Judicial Court of Massachusetts, District of Columbia Court of Appeals, U.S. Supreme Court, U.S. Courts of Appeals for the District of Columbia Circuit, the Federal Circuit, Ninth Circuit, the Eleventh Circuit, and the U.S. District Court for the District of Columbia, U.S. District Court of the Southern District of Indiana and U.S. District Court for the District of Massachusetts.

2. I obtained my license to practice law in 1988. I am also a member of the American Bar Association.

3. I graduated with a Bachelor of Arts degree from Boston University in 1984. I was awarded a Juris Doctorate degree from Antioch School of Law in 1987.

4. In the course of my 27-year career as an attorney, I have developed expertise in complex civil litigation, with specific emphasis on whistleblower laws, employment laws and also litigation under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy

Act, 5 U.S.C. § 552a. I have represented numerous federal employees in employment and/or retaliation-related cases and as a component of those representations I often seek information or file requests pursuant to FOIA and the Privacy Act and I have extensive experience pursuing FOIA and Privacy Act requests through the administrative process and in litigation before federal courts. Many of my clients and cases have been nationally recognized.

5. In 1988, my current partners, Michael D. Kohn and Stephen M. Kohn, and I founded the law firm of Kohn, Kohn and Colapinto, LLP, located in Washington, D.C. Since 1988 I have been employed as a Partner with this firm. The firm was founded as a public interest firm, reflecting the non-economic goals of the partners and reflecting the partners' strong commitment to representation of employees and whistleblowers. All of the partners had worked or clerked for a non-profit whistleblower advocacy organization prior to forming the law firm, and the firm was dedicated, from its inception, to helping meritorious whistleblowers and employees.

6. In 1988, I also co-founded the non-profit organization, the National Whistleblower Center ("NWC"). This organization has remained active in assisting whistleblowers on a *pro bono* basis. I have held a leadership position with that organization since 1988, and have been continuously and actively involved in supporting employees in civil rights and whistleblower cases since 1988. The NWC has also submitted FOIA requests to government agencies to obtain information related to whistleblowing issues and I have advised and represented the NWC regarding FOIA issues and in FOIA litigation. On occasion, the NWC has become a party to FOIA cases as a plaintiff.

7. Since its formation, the Kohn firm has specialized in the representation of employee whistleblowers. Most of our clients cannot afford the firm's market rates.

Consequently, the firm regularly discounts its hourly fee or waives the advance payment of such fees in consideration of contingency fee payments and/or obtaining our full market rate from an award of statutory fees. When the firm makes a reduced fee or contingency fee retainer agreement with a client, it reflects our intention to seek our full market rate from the opposing party through a fee petition.

8. The Kohn firm has extensive experience and expertise specifically litigating complex FOIA and Privacy Act cases. I have successfully represented plaintiffs in FOIA and Privacy Act cases and won legal victories or successfully settled those cases. *Edmonds v. FBI*, 417 F.3d 1319 (D.C. Cir. 2005) (favorable ruling on FOIA case holding that an order granting expedited processing satisfies the prevailing party standard for granting an award of attorneys fees); *Whitehurst v. FBI, et al.*, C.A. No. 96-572(GK)(D.D.C.), Order (Feb. 5, 1997) (granting motion for expedited processing under FOIA and Privacy Act); *NACDL and Whitehurst v. DOJ*, No. 97-CV-00372(GK) (D.D.C.) and *NACDL, et al. v. DOJ*, 182 F.3d 981 (D.C. Cir. 1999) (Successful Freedom of Information litigation resulting in the release of the DOJ Inspector General report exposing high- level misconduct within the FBI crime lab, and awarding interim attorneys fees under FOIA); *Forensic Justice Project v. FBI*, C.A. No. 04-cv-01415-PLF (D.D.C. 2005) (settlement resulting in waiver of copying and search fees and expedited processing claims); and *National Whistleblower Center v. HHS*, 904 F. Supp.2d 59 (D.D.C. 2012) (Obtaining preliminary injunction forcing FDA to immediately release records related to FDA's email monitoring of employee-whistleblowers; precedent holding that agencies waive right to withhold privileged documents that contain strong evidence of government misconduct.).

9. The Kohn firm is a private law firm that practices law in the public interest. The firm bases its fee structure in large part on the *Laffey* Matrix, as adjusted for inflation using the

method approved by the court in S*alazar v. District of Columbia*, 123 F. Supp. 2d 8, 13 (D.D.C. 2000).

10. Our relevant current fees are as follows:

| | |
|---|---|
| Senior Partners (thirty plus years): | $995.00/hour |
| Senior Partners (25-29 years): | $895.00/hour |
| Partners (20-24 years): | $789.00/hour |
| Associate Attorneys (1-3 years experience): | $328.00/hour |
| Paralegal/Law Clerk: | $179.00/hour |

11. The firm's full fee structure is published on its web site, www.kkc.com/the-firm/standard-billing-rates.

12. Clients who have the means to pay the firm's standard market rates are required to pay those fees, and they do, in fact, pay those fees. Prospective clients regularly contact the firm and agree to pay the firm's market rate. Based on the nature of the case, the firm often agrees to represent clients who are willing to pay market rates. For example, the Kohn firm currently has a client who is being charged $995.00 per hour for the time that one of the senior partners is devoting to that client's representation, and $179.00 per hour for paralegal/law clerk time. The fees in that matter are billed on an hourly basis at the Kohn firm's hourly standard market rates and they are being paid. Additionally, another current client of the firm has been charged and paid fees that are billed at the Kohn firm's hourly standard market rates. Other clients of the Kohn firm have in the past also been billed and paid fees at the firm's hourly standard market rates.

13. Because the Kohn firm is a public interest firm, we also agree to represent clients who lack the financial resources to pay the firm's market rate, but whose cases raise significant

4

issues regarding the vindication of civil rights, rights under federal fee-shifting statutes (such as the FOIA and Privacy Act) and/or the vindication of the policy goals behind whistleblower protection. The fact that the firm is willing to reduce market fee rates in public interest cases is also reflected on the law firm's web page.

14. For clients who have important public interest cases, but have inadequate financial resources, the firm either discounts its hourly rate, requests that the client pay an affordable amount of money each month toward his or her bill and/or agrees to represent the client on a pure statutory fee and/or contingency fee basis. In all of the discounted/statutory fee cases, the firm expects to obtain its full standard market rate (or more if there is a high contingency fee) based on a settlement of the claims or based on the fees awarded/obtained upon final judgment (if there is no settlement). This intention is explicitly described in the agreement the firm signed with each client.

15. This policy of regularly charging clients reduced fees, or working purely on a contingency/fee-shifting basis, causes the Kohn firm to incur substantial financial risk. My partners and I frequently pass up opportunities to represent wealthier clients who could afford our hourly rates in favor of clients with less means, but who have suits that we believe are of greater importance to the public interest.

16. FOIA cases are comparable to complex litigation under analogous fee-shifting statutes, such as the federal employment and whistleblower statutes. Based on more than 25 years experience litigating whistleblower and employment cases and also litigating claims arising under the FOIA and Privacy Acts I can attest that FOIA litigation is complex civil litigation. This is based on my personal experiences successfully litigating *Whitehurst v. FBI*, *National Whistleblower Center v. HHS*, *Edmonds v. FBI*, and *Forensic Justice Project v. FBI*,

cited above, all of which involved statutory fee claims under FOIA and the Privacy Act. All of those cases (except for *National Whistleblower Center v. HHS*, which is pending) settled so the fee issue was not litigated in those cases.

17. While *Laffey* rates can be considered a starting point for statutory fees they should not be the end point in determining reasonable market rates. However, the DOJ's *Laffey* rates are considerably below the prevailing hourly market rates charged by law firms that handle complex litigation in the District of Columbia. A survey of market rates for private sector firms in the District of Columbia published by the *National Law Journal* in January of 2014 supports that prevailing hourly market rates for senior partners at such firms in Washington, D.C. range between $780-$1250 per hour as of January of 2014.[1] The attached chart lists the firms located in the District of Columbia and shows the data extracted about the hourly rates charged by those firms as published by the *National Law* Journal in January of 2014. These firms were chosen because, at the time, each maintained its largest office in Washington, DC.

18. It is my opinion, based on long experience, that a FOIA case would be extremely undesirable in the private bar. Its undesirability is especially true because the only relief available is injunctive relief to compel the disclosure of records or compliance with the FOIA statute. Without the possibility of recovering any damages, and the high risks involved in prevailing in FOIA litigation and the delays in resolving such cases, there would be little motive for an attorney to take the case.

19. Another factor that makes FOIA cases undesirable within the private bar is that the defendant is a large federal agency with substantial resources to litigate and pursue appeals. These cases are often hard-fought and unquestionably demand a large amount of time and labor

---

[1] *See* http://www.nationallawjournal.com/id=1202636785489/Billing-Rates-Across-the-Country.

given the need to take a large federal agency to court to compel compliance with the FOIA statute.

20. It is critical for public interest attorneys and public interest groups and firms to be paid the full hourly rate for similar services offered in the Washington, D.C. market.

I declare, pursuant to 28 U.S.C. §1746, that the above is true and correct to the best of my knowledge.

_____     8/17/15
David K. Colapinto                              Dated

ATTACHMENT TO DECLARATION OF DAVID K. COLAPINTO

**CHART OF RATES CHARGED BY PRIVATE SECTOR FIRMS IN D.C.**

| Firm | Equity/Senior Partner | Junior Partner | Senior Associate | Mid-Level Associate | Junior Associate |
|---|---|---|---|---|---|
| Wilmer | $1250 | $735 | $695 | $290 | $75 |
| Pillsbury Winthrop | $1070 | $615 | $860 | $520 | $375 |
| Hogan Lovells | $1000 | $705 | n/a | n/a | n/a |
| Arnold & Porter | $950 | $670 | $610 | $500 | $345 |
| Akin Gump | $1220 | $615 | $660 | $525 | $365 |
| Covington & Burling | $890 | $605 | $585 | $415 | $320 |
| Dickstein Shapiro | $1250 | $590 | $585 | $475 | $310 |
| Patton Boggs | $780 | $490 | $475 | $405 | $325 |
| Wiley Rein | $950 | $550 | $535 | $445 | $320 |
| Venable | $1075 | $470 | $575 | $430 | $295 |
| Arent Fox | $860 | $500 | $595 | $395 | $275 |
| Holland & Knight | $1035 | $335 | $575 | $325 | $210 |

*Source: National Law Journal,* "The National Law Journal's annual survey of law firm billing rates for partners and associates" (Jan. 13, 2014).

*Read more: http://www.nationallawjournal.com/id=1202636785489/Billing-Rates-Across-the-Country#ixzz3j5okFi8U*