**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF JUSTICE,** <br><br> Defendant. |

Case No. 1:11-cv-00374 (CRC)

**OPINION AND ORDER**

A year ago today, the Court issued an Order awarding plaintiff Citizens for Responsibility

and Ethics in Washington ("CREW") $35,018 in attorneys' fees and costs as the prevailing party in

this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(E)(i).  Citizens

for Responsibility & Ethics in Washington v. U.S. Dep't of Justice, 80 F. Supp. 3d 1, 5 (D.D.C.

2015).  The fee award was calculated in part by applying an hourly billing rate from the "LSI-

adjusted Laffey matrix"—a version of the rate table that judges in this district frequently use to

calculate prevailing hourly rates for "complex federal litigation" services, as adjusted for inflation

using an index of prices for legal services nationwide.  The Department of Justice appealed the

Court's Order, arguing, as it did here, that CREW had not met its burden to establish that LSI-

adjusted Laffey rates reflected prevailing market rates for FOIA litigation in Washington, D.C.  The

government believes the version of the Laffey matrix maintained by the U.S. Attorney's Office for

the District of Columbia ("USAO Laffey")—which adjusts for inflation based on the general

Consumer Price Index for the Washington area—better reflects applicable market rates.

While the government's appeal was pending, the D.C. Circuit decided Eley v. District of

Columbia, 793 F.3d 97 (D.C. Cir. 2015).  The Circuit held that the district court in that case had

abused its discretion by using the LSI-adjusted <u>Laffey</u> matrix to calculate a fee award in a case brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400(d)(1)(A).  Given that holding's relevance to the Court's calculation of the award here, the parties jointly moved the court of appeals to remand the case.  On remand, the Court directed CREW to "submit further evidence and briefing consistent with the [D.C.] Circuit's opinion in <u>Eley</u>."  Minute Order, September 17, 2015.  After both parties submitted supplemental material, the D.C. Circuit decided <u>Salazar ex rel. Salazar v. District of Columbia</u>, 809 F.3d 58 (D.C. Cir. 2015), in which it approved the use of LSI-adjusted <u>Laffey</u> rates in a Medicaid class action brought under 42 U.S.C. § 1983.  Resolution of this case thus requires the Court to apply the principles announced in both <u>Eley</u> and <u>Salazar</u> to its prior award of fees in this case.  In the end, the task is straightforward.

The D.C. Circuit overturned the fee award in <u>Eley</u> because the district court erroneously "reliev[ed] [the plaintiff] of her burden" "of 'justifying the reasonableness of the rates.'"  <u>Eley</u>, 793 F.3d at 104–05 (quoting <u>Covington v. District of Columbia</u>, 57 F.3d 1101, 1107 (D.C. Cir. 1995)).  The source of the error, in the panel's view, was that the plaintiff's evidence failed to establish that LSI-adjusted <u>Laffey</u> rates "'are in line with those prevailing in the community for *similar services,*' *i.e.*, IDEA litigation."  <u>Id.</u> at 104 (quoting <u>Covington</u>, 57 F.3d at 1109).  In fact, as the <u>Salazar</u> panel explained, the government's evidence in <u>Eley</u> showed that "in the particular context of IDEA claims, there is a submarket in which attorneys' hourly fees are generally lower than the rates in either of the <u>Laffey</u> matrices."  <u>Salazar</u>, 809 F.3d at 64.  In <u>Salazar</u>, by contrast, the government "identifie[d] no such submarket, instead acquiescing in the notion that the litigation at issue qualifie[d] as complex federal litigation (as to which the <u>Laffey</u> Matrices apply)."  <u>Id.</u>  The same is true here.  The government does not contend that FOIA litigation generally (or the particular litigation in this case) is not "complex," such that neither <u>Laffey</u> matrix should apply.  Its only

objection to CREW's fee award is that the LSI-adjusted rates are above market.  But as was the case in <u>Salazar</u>, the affidavits, billing-rate surveys, and prior district-court orders that CREW has offered to support the reasonableness of LSI-adjusted rates in "complex federal litigation" are sufficient to meet its evidentiary burden.  The Court may therefore properly rely on LSI-adjusted <u>Laffey</u> rates in calculating its award.

A final thought from the Court's earlier opinion bears repeating.  In deciding fee requests, courts are obligated to assess whether the requested fees are consistent with those that would be paid to "lawyers of reasonably comparable skill, experience, and reputation" performing "similar services."  The LSI-based fees requested by CREW's attorneys for their successful litigation of this case—reduced by 15% for the reasons stated in the Court's prior opinion—meet that standard.  But that is not to say that all FOIA litigation is "complex" (whatever that means) or that all FOIA litigators have comparable expertise and reputations to the attorneys handling this case.  So while billing-rates matrices play an important role in the efficient administration of a lodestar award system, they cannot substitute for courts' independent judgment of the reasonableness of requested fees in each particular case.

Accordingly, the Court fully adopts the reasoning of its Memorandum Opinion of February 11, 2015.  In addition to the $35,018 in attorneys' fees and costs it awarded in its initial Order, the Court will award CREW attorneys' fees in the amount of $5,364.35 ($6,311 * 0.85) for the continued litigation of their fee petition.  Therefore, it is hereby

**ORDERED** that [59] Plaintiff Citizens for Responsibility and Ethics in Washington's Motion for Attorney Fees and Costs is **GRANTED**.  It is further

**ORDERED** that Plaintiff Citizens for Responsibility and Ethics in Washington is awarded a total of $40,382.35 in attorneys' fees and costs.

This is a final, appealable order.

**SO ORDERED**.

 

CHRISTOPHER R. COOPER
United States District Judge

Date:   February 11, 2016